### JOHN EDWARDS v. CALEB P. JOHNSON.

THE statute of frauds does not require that the authority of an agent to contract for the sale of real estate, and to sign such contract as agent for the vendor, shall be in writing; but he must have explicit and direct verbal authority, at least, from the vendor to sign the contract.

ASSUMPSIT with the usual pleas. The action was on a contract for the sale of a house in the City of Wilmington, through the agency of a real estate broker, to Edwards, the plaintiff, by Johnson, the defendant. William Bright was the broker, to whom the defendant had spoken in the summer or fall of 1865, about selling a house owned by him on Walnut below Third street, and said that he wished him to sell it for him, and that he wanted $2800 for it. Afterward the plaintiff went to Bright, as the agent for the sale of it, and wanted to buy it at that price,

and stated the terms of payment on which he desired to purchase it, which were $100 cash on the day of sale, $1300 on or before the 25th of March 1866, the possession of it then to be given to him, and the balance to be secured by bond and mortgage on the property with the interest thereon, payable semi-annually. Bright then had one or two interviews with the defendant on the subject, who at first dissented as to the proposed terms of payment, and was inclined to require a larger cash payment on the day of sale, and mentioned $1300 as the amount of it, but finally assented to the terms offered by the plaintiff, with whom Bright afterward met and concluded the bargain with him on the terms stated, when he received from him the $100 in cash, and gave him a receipt for it, stating the terms of the contract, under his signature as agent of the defendant for the sale of the property, which was as follows: "Received Nov. 29th 1865 of Mr. John Edwards, one hundred dollars as part of the purchase money of a three-story brick house on Walnut Street below Third Street, west side, I have this day sold to him as agent for C. P. Johnson for the sum of twenty-eight hundred dollars clear of all incumbrances. He is to pay thirteen hundred dollars more in cash on or before the 25th of March next, and give a bond and mortgage on the property for fourteen hundred dollars, being the one-half of the purchase money, with interest from the 25th of March next, payable half yearly, with the policy of insurance transferred with the mortgage. The deed to be made as soon as the balance of the money is paid and the mortgage is given."

   Signed,     W. M. BRIGHT, Agent.

*Patterson*, for the plaintiff, after proving the same, offered it in evidence.

*Lore*, for the defendant, objected to the admissibility of it; first, because the contract contained in the instrument was not signed by either of the parties to be charged

therewith, much less by the defendant who was now sought to be charged with, and who was alleged to be bound by it. And in the second place, because no proof had been produced that the person by whom it purports to have been signed as the agent of the defendant, had any authority to sign any written contract on his behalf as his agent for the sale of the property to the plaintiff. No broker, nor any other person having the power merely to make or close a bargain for the sale of real estate, has authority to sign the name of his principal to a written contract for the sale of it, and is not an agent for the actual sale of it within the meaning of the provision of the statute of frauds, which only allowed the name of the vendor to be subscribed to a contract for the sale of any other kind of property by an agent lawfully authorized to do it, and when it was not necessary that his authority to sign the contract as agent, should be in writing and signed by his principal. *Coleman v. Garrigues*, 18 *Barb.* 60. The power conferred upon the agent to contract for the sale of real estate, must embrace the act of signature to it by the agent; for if it extends only to the power of negotiating the terms of the agreement, or taking notes, or reducing the contract to writing, or to doing any thing else which is merely preliminary to the signing and execution of the contract by the principal himself, it is insufficient to authorize the agent to sign it, and if he does, the principal is not bound by it, and it is not his contract. *Bro. on Frauds*, sec. 370. *Hil. on Vend.* sec. 39.

*Patterson.* It is not necessary that the agent signing a contract for the sale of land, should be authorized in writing to do it, in order to bind his principal, but he may be appointed and duly authorized by parol to do it. *Ch. on Contr.* 70. *Story on Agency*, 45, 50, *note* 1, 8 *M. & S.* 844. *Hil. on Vend.* sec. 257. 2 *Kent's Com.* 612, 614.

*Whitely*, for the defendant. Without proof, which had not yet been produced, of verbal authority, at least, from

Mr. Johnson to Mr. Bright to sign such a contract as his agent, the instrument itself, which did not pretend to show that fact, was not admissible in evidence.

*Patterson* then withdrew the instrument, and said he would not offer it in evidence until he had produced further testimony on that point.    Which was, in addition to the facts of the case before stated, that the agent went that day or the next morning to the defendant, and told him he had sold his house to the plaintiff on the terms upon which he had authorized him to sell it to him, and repeating the terms as set forth in the receipt and contract signed by him as agent, and had received the payment of $100 down, to which the defendant said nothing at all, until he produced a receipt prepared by him for his signature, for the $100, less his commissions on the sale, when he for the first time, looked up and asked what his commissions were, and when informed that they were two per cent. he peremptorily refused to pay them.    Considerable talk then ensued between them on the subject which ended with the declaration of the defendant that he would not sign the receipt or carry out the agreement, unless one half of the purchase money was then paid in cash.

*Whitely* then renewed the objection to the admissibility of the contract in evidence.

*By the Court.* As it has been conceded by the counsel for the defendant, that a verbal authority from him to Bright to conclude and also to sign as his agent, the instrument and agreement in question, would be sufficient for that purpose, whether there was such authority in fact given to him by the defendant in this case, was a question of fact to be determined alone by the jury upon all the evidence they have before them in regard to the matter. The question of the admissibility or relevancy of evidence in any case before the court, is, of course, a ques-

tion of law which the court is to consider and determine, but the effect, weight, or sufficiency of it when admitted, is a matter alone for the consideration and decision of the jury, subject to the instructions and directions of the court as to the rules and principles of law applicable to the proof before them in any case. The majority of the court is, therefore, of the opinion that the receipt and instrument drawn and signed by Mr. Bright as the agent of the defendant, and delivered by him to the plaintiff on the 29th of November 1865, purporting upon its face to be a written contract of sale of the property mentioned to the plaintiff by the defendant, by the signer of it as his agent, having been duly proved as such, is admissible in evidence as a fact proved in the case, but at the same time we must add hypothetically, that if he had no express authority, verbal or otherwise, from the defendant to sign it as his agent, then that pertains to the effect and sufficiency of it for the purpose for which it is offered, and if the jury should so find from all the evidence before them in the case, it would not be binding upon the defendant as a contract of sale made and executed by his authority to the plaintiff.

*Wootten, J.*, dissented upon the ground that no evidence in his opinion, had been adduced in the case to show that Mr. Bright had any authority whatever to sign the instrument in question as the agent of the defendant, and without some proof of that fact, which was utterly denied by the defendant, it could not bind the defendant, and was consequently not admissible in evidence.

After the reading of it in evidence, it was proved that the defendant had since sold the house to another person for $2900, with a cash payment of $2000 on the day of sale.

The evidence on behalf of the defendant by one witness was that in all the offers made by the defendant to sell the house, he had required the payment of one-half of the purchase money in cash on the day of sale, and

by another witness that immediately after he refused to comply with the contract made by Bright for the sale of it to the plaintiff, the parties themselves, the plaintiff and defendant, entered into a verbal agreement, the plaintiff to buy and the defendant to sell it to him, for the same price, $2800, but upon different terms of payment, with which however, the plaintiff soon failed to comply, and which agreement was consequently never executed.

*The Court, Gilpin C. J., charged the jury.* Our statute of frauds among other things, provides that no action shall be brought upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them, unless the same shall be reduced to writing, or some memorandum, or note thereof shall be signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized. But the statute does not require that the appointment or authority of the agent in such a case shall be in writing, for it may be proved by parol, or that it was verbal only; and if the jury were satisfied from the evidence, that the agency and authority of Mr. Bright to sell the house for the defendant to the plaintiff for the price and on the terms stated in the contract or instrument signed by him and dated November 29th 1865, was so conferred upon him by the defendant, it would be sufficient to constitute him his lawful agent for that purpose, and the defendant would be bound by it. Although he was a broker or general agent engaged in the business of selling real estate, as such, at that time in the city of Wilmington, still, if the agency and authority to sell the property was so conferred upon him by the defendant, he would have been only his special agent for the purpose, or his agent merely for that special purpose, and if in so doing, he exceeded the authority conferred upon him by the defendant for the purpose in any essential particular, the defendant would not be bound by it, and might lawfully refuse to comply with the terms of it, or to execute a deed in pur-

suance of it. It was, therefore, incumbent upon the plaintiff who affirms and relies upon the sufficiency of his agency and authority to sell the house to him for the defendant upon the terms stipulated, to prove to the satisfaction of the jury, that he had direct and sufficient of verbal authority, at least, from the defendant, not only to enter into such a written contract for the sale of the property to the plaintiff, as the agent of the defendant, but also to sign and execute such a written contract of sale of it to him, as the agent of the defendant. For if his authority simply was to negotiate the sale of it to the plaintiff for the defendant on the terms stated, or any other terms indicated, or assented to by the latter, without having any specific authority, verbal or otherwise, from him to reduce it to writing and to sign and conclude it as a complete and absolute contract of sale between the parties in regard to the matter, the defendant would not be bound by it, and the plaintiff would not be entitled to recover. It would be for the jury, however, to determine from all the evidence before them in the case, whether he had, or had not, direct authority, verbal or otherwise, as before stated. to make, reduce to writing and sign such a contract of sale of the property between the parties, as the agent of the defendant. If he had, then the plaintiff would be entitled to recover whatever damages he had sustained by the refusal of the defendant to comply with it.

The plaintiff had a verdict for $200.